PER .CURIAM.
Defendants appeal a judgment finding them and the plaintiff to be partners in a certain laundry business and granting plaintiff an accounting.
Plaintiff-appellee, Raul Hernandez, filed a complaint against the defendant-appel *5 lants, Jose and Augustina Perez, for an accounting and partition and sale of a business venture known as the Atlantic Laundry located in Hialeah, Florida. Plaintiff alleged that he and defendants owned a i/¿ interest each in the laundry; nevertheless, defendants exercised full control and retained all income, receipts and profits from the business dispite his objections and demand for his share. Defendants answered that plaintiff was an employee only, not a partner. The cause proceeded to a non-jury trial, at the conclusion of which the trial judge entered the above judgment for the plaintiff. We affirm.
As so frequently happens, the existence vel non of a partnership became a question of fact to be determined from the conflicting testimony or the testimony from which different inferences may have been drawn and it was within the province of the judge, sitting as the trier of the facts, to decide whether those facts exist that show that a partnership had been formed. See 24 Fla.Jur. Partnership §§ 39-42 (1959).
The testimony reflected that plaintiff and defendants previously founded and operated the Atlantic Market as a partnership, and the equipment for the Atlantic Laundry had been purchased from funds generated from the operation of the market. The Mar-Eli Corporation, which held title to both the market and laundry business, was named for the daughters of each of the parties, Marts. Perez and .Elizabeth Hernandez. There was also testimony of witnesses that it was their impression that plaintiff and defendants are partners in the laundry and held themselves out as such.
The trial judge concluded from the testimony that a partnership had been formed and there being competent substantial evidence contained in the record to support this conclusion, it will not be disturbed on appeal.
Affirmed.